IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALJAY LOCKETT, JR.,<br>AIS # 133930,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH HEADLEY,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:26-CV-83-WKW<br>[WO] |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

In February 2026, Petitioner Aljay Lockett, Jr. ("Lockett"), a convicted and sentenced inmate in the custody of the Alabama Department of Corrections, commenced this proceeding *pro se* by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus.  (Doc. # 1.)  In his petition, Lockett challenges the constitutionality of his 2000 and 2012 resentencing judgments in the Circuit Court of Montgomery County, Alabama, which resulted in concurrent life sentences, and moves the court to vacate those sentences.  (Doc. # 1 at 5, 15.)  Respondent Joseph Headley, the warden of Staton Correctional Facility in Elmore, Alabama, argues that the petition should be dismissed as an unauthorized second or successive petition under 28 U.S.C. § 2244(b)(3) because Lockett has not obtained the required authorization from the United States Court of Appeals for the Eleventh Circuit.  (Doc. # 10 at 1–

2, 10–11.)  In his reply brief, Lockett asserts that this is his "first habeas application challenging the new judgment of the November 16, 2012 resentencing" and should not be considered second or successive.  (Doc. # 14 at 2.)  He does not directly address whether his challenge to the 2000 resentencing judgment is second or successive.  For the reasons to follow, this § 2254 petition challenging the 2000 and 2012 resentencing judgments is second or successive and was filed without the authorization required by § 2244(b)(3); therefore, this court lacks subject matter jurisdiction to consider it.[1]

## II.  BACKGROUND:  STATE-COURT PROCEEDINGS

In 1983, Lockett pleaded guilty to three counts of first-degree theft of property and was sentenced to concurrent, mandatory life sentences as a habitual felony offender with three prior felony convictions.  Following these convictions and sentences, Lockett has engaged in extensive litigation, which is detailed in *Lockett v. Daniels*.  *See* No. 2:15-CV-371-MHT-TFM (M.D. Ala. May 25, 2017), Doc. # 14.[2]  While a full recounting of that history is unnecessary, a summary of the relevant proceedings is provided for context regarding the pending § 2254 petition.

---

[1] Because subject matter jurisdiction is lacking, this Memorandum Opinion and Order does not address whether this § 2254 petition was filed within the one-year limitation period set forth in 28 U.S.C. § 2244(d), and no opinion is expressed on that issue.  (*See* Doc. # 5.)

[2] Respondent included the magistrate judge's recommendation in *Lockett v. Daniels*, which was later adopted by the district judge, as an exhibit in his response.  (*See* Doc. # 10-1.)

In 1999, Lockett challenged his 1983 sentences in a Rule 32 petition filed in the Circuit Court of Montgomery County. In 2000, the trial court granted the petition and resentenced Lockett, this time considering only one of the prior convictions. As a result, Lockett was resentenced to concurrent, nonmandatory life terms for each of his three theft convictions. *See id.*, Doc. # 14 at 4; *see generally Lockett v. Warden*, 2018 WL 7201555, at *1–2 (11th Cir. Nov. 1, 2018) (discussing Lockett's 1983 and 2000 sentencing proceedings in the context of denying a certificate of appealability).

In Rule 32 proceedings initiated in 2011, Lockett contested his 2000 resentencing judgment, arguing that the trial court lacked jurisdiction to impose the sentence because he was denied legal counsel during the resentencing. The Alabama Court of Criminal Appeals (ACCA) remanded the case for the circuit court to hold an evidentiary hearing on this issue. Instead, on remand, the circuit court appointed counsel and conducted a resentencing hearing in November 2012. The circuit court resentenced Lockett as a habitual offender with one prior felony conviction and imposed concurrent, nonmandatory life sentences for each of his three 1983 convictions for first-degree theft. This sentence mirrored the one the circuit court imposed at Lockett's 2000 resentencing hearing. Lockett appealed, but the ACCA dismissed the appeal as moot, stating that he had already received the relief he sought in his Rule 32 petition—counsel at resentencing. *See Lockett*, No. 2:15-CV-371,

Doc. # 14 at 7–8; *see generally Lockett*, 2018 WL 7201555, at *2 (discussing Lockett's 2012 resentencing hearing).

### III. DISCUSSION

A state prisoner must obtain authorization from the appropriate court of appeals before filing a second or successive habeas petition in federal district court. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (citing 28 U.S.C. § 2244(b)(3)(A)).[3] In other words, Lockett must obtain permission from the United States Court of Appeals for the Eleventh Circuit before he can file a second or successive petition in district court. Without this authorization, the district court "lacks subject matter jurisdiction to consider the second or successive petition." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (cleaned up), *cert. denied sub nom.*, *Jennings v. Dixon*, 145 S. Ct. 1472 (2025).

"A § 2254 petition is 'second or successive' if the petitioner filed a prior § 2254 petition attacking the same judgment [as the first petition] that was denied or dismissed with prejudice." *Philistin v. Warden*, 808 F. App'x 914, 916 (11th Cir. 2020) (per curiam) (citing *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999));

---

[3] Under § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned three-judge panel] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]." § 2244(b)(3)(B)–(C).

*see generally Rivers v. Guerrero*, 605 U.S. 443, 446–47 (2025) ("We hold that, in general, once the district court has entered its judgment with respect to the first habeas petition, a second-in-time application qualifies as 'second or successive' and is thus properly subject to the requirements of § 2244(b).").

A review of the court's electronic records shows that Lockett previously filed petitions for writs of habeas corpus under 28 U.S.C. § 2254, challenging both his 2000 and 2012 resentencing judgments, but was denied relief on the merits. In 2002, Lockett filed a § 2254 petition challenging the same 2000 resentencing judgment he contests in this petition. *See Lockett v. Farrell*, No. 2:02-CV-1106-MEF-TFM (M.D. Ala. docketed Sep. 30, 2002[4]), Doc. # 1. The district court denied the § 2254 petition and dismissed it with prejudice, finding Lockett's claims to be without merit. *Id.*, Docs. # 48, 51, & 52.

In 2015, Lockett filed a § 2254 petition challenging the same 2012 resentencing judgment he contests in this petition. *See Lockett v. Daniels*, No. 2:15-CV-371-MHT-TFM (M.D. Ala. docketed May 28, 2015), Doc. # 1. In *Lockett v. Daniels*, the district judge, adopting the recommendation of the magistrate judge, found that Lockett's § 2254 petition was his "first habeas application challenging

---

[4] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). The docketing date may differ from the date the petition was delivered to prison authorities.

the new judgment" arising from the November 2012 resentencing and, thus, was "not 'second or successive' under § 2244(b)." *Id.*, Doc. # 14 at 13; Docs. # 15–16. However, the petition was denied on the merits and dismissed with prejudice. *See id.*, Docs. # 14–16.

*Lockett v. Farrell* is the first-in-time petition concerning Lockett's challenge to his 2000 resentencing judgment, and *Lockett v. Daniels* is the first-in-time petition concerning his challenge to his 2012 resentencing judgment. Therefore, Lockett's current § 2254 petition is a second or successive petition.[5] *See Rivers v. Guerrero*, 605 U.S. 443, 446–47 (2025). Lockett has not demonstrated that he obtained the necessary authorization from the United States Court of Appeals for the Eleventh Circuit to file this second or successive petition. *See* 28 U.S.C. § 2244(b)(3). Consequently, this court lacks subject matter jurisdiction to consider Lockett's § 2254 petition. *See Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024), *cert. denied sub nom.*, *Jennings v. Dixon*, 145 S. Ct. 1472 (2025).

---

[5] In fact, this is not the first time Lockett has filed an unauthorized second or successive petition challenging the 2000 resentencing judgment. *See, e.g.*, *Lockett v. Barrett*, 2011 WL 5600573, at *1 (M.D. Ala. Oct. 11, 2011) (recommending dismissal of Lockett's § 2254 petition challenging his 2000 resentencing judgment because it was successive and filed without the Eleventh Circuit Court of Appeals' authorization and noting that the § 2254 petition was "at least Lockett's third § 2254 habeas petition challenging his January 13, 2000, resentencing"), *R&R adopted*, 2011 WL 5597326 (M.D. Ala. Nov. 17, 2011).

## IV. CONCLUSION

Based on the foregoing, Petitioner Aljay Lockett, Jr.'s 28 U.S.C. § 2254 petition must be dismissed because it is a second or successive petition filed without authorization from the United States Court of Appeals for the Eleventh Circuit, as required by 28 U.S.C. § 2244(b)(3). It is, therefore, ORDERED that Lockett's § 2254 petition is DISMISSED without prejudice for lack of subject matter jurisdiction.

A certificate of appealability is not required for Lockett to appeal the dismissal of this § 2254 petition for lack of subject matter jurisdiction. *See Jennings*, 108 F.4th at 1302.

A separate final judgment will be entered.

DONE this 18th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE